a 11 Whea. 81.

------------

## JOHNSON v. HOWE's Admr's.

1. In authenticating records under the act of Congress, it must appear that the Judge who certifies, is the presiding magistrate of the particular Court or district.
2. It must also appear that the Clerk who certifies, was Clerk at the date of his certificate. If this be uncertain, the authentication is insufficient.

JOHN JOHNSON brought an action of debt, in the Circuit Court of Lauderdale county, against Richard M'Mahon, administrator, and Isabella Howe, administratrix of William Howe, deceased; to recover the amount of a judgment which he had obtained against Howe in his lifetime, in the Court of common pleas of Lancaster district in South Carolina.

The plaintiff offered in evidence at the trial, a transcript of the record from South Carolina, which was authenticated by the certificate of William M'Kenna, Clerk of the Court of Common Pleas of Lancaster district, dated the 12th of November, 1823, under the hand of the Clerk, with the seal of the Court. This certificate was attested by the Judge in the following words. "I John S. Richardson, one of the Associate Judges of said State, and a presiding Judge of the

Courts of Sessions and Common Pleas, do hereby certify that William M'Kenna, whose name appears to the above certificate, is clerk of the Court of Sessions and Common Pleas for the said district of Lancaster; that the said certificate is in due form, and that due faith and credit ought to be given to his official signature.

J. S. RICHARDSON, *Associate Judge.*"

The defendants, having pleaded *nul tiel record*, objected to the introduction of said transcript for want of due authentication; the objection was sustained and the transcript rejected, and the Court gave judgment for the defendants. To this the plaintiff excepted, brought the cause to this Court, and assigned for error this decision of the Court.

COALTER, for the appellant. The only objection made to the reception of the record below as evidence, was, that the certificate of the Judge did not prove that M'Kenna was Clerk at the time of the date of the certificate, but only states that he is Clerk, meaning when the Judge gave his certificate. There is no date to the Judge's certificate. If we are to rely on presumptions, it would be more fair to presume that the Judge's certificate was given on the same day with the Clerk's, in support of the proceedings, than to presume that it was given at a different time, and that at that other time, some one else was clerk, in order to destroy the certificate.

If it is necessary to call in presumptions, I think it might fairly be presumed, that immediately on the Clerk's giving his certificate, the Judge certified; and did so in allusion to to the time mentioned in the Clerk's certificate; that is, the 12th of November, 1823; meaning that he was Clerk at that time. Fictions and presumptions will never be sought after to destroy, but will, to support proceedings, which are otherwise, or *prima facie*, regular.

W. B. MARTIN, for the defendants. The record should be so certified with proper dates, as to be complete in itself, without any extrinsic proof. No extrinsic proof could be received to supply any omission; and if it could, none such was offered. But there is no case where parol proof has been received to supply an omission in a record; though it may in some cases be received to supply the want of a date in a deed or note.

The act of Congress must be so familiar to the Court, that it is probably unnecessary to refer to it. This case does

not come within it. The appellant presumes that the Judge certified the record at the time the Clerk did. I have a right also to presume that it was done at any other time afterwards, even a year or two after, when perhaps another Clerk may have been appointed. It is too doubtful to leave a case to presumptions when there is no foundation for them. It will be found that in a great majority of the transcripts certified, the dates of the certificates of the Clerk and Judge are different; we therefore cannot rely on any presumption growing out of usage in this respect; and here the uncertainty is the greater, as the certificate bears no date at all.

In this, as in all other cases, the plaintiff must prevail by the proof he makes to support his complaint, and cannot rely on strained presumptions; nor can any thing be presumed when it is susceptible of so clear proof, as the existence of a record. The best proof must be produced.

By CHIEF JUSTICE LIPSCOMB. The Judge sets out in his certificate that he is an Associate Judge of the State, and presiding Judge of the Courts of Session and Common Pleas; but does not set out that he is presiding Judge of Lancaster District, where the judgment was rendered. If the organization of the Courts of that State are such as to make each of the Judges the presiding Judge throughout the State, the certificate should have so stated it; otherwise we cannot be judicially advised of it. If the certificate had set out that he was presiding Judge for the district of Lancaster, or for the Courts of the State, it would have come within the act of Congress. We believe there was no error in rejecting the evidence on this ground.

There was another objection taken to the certificate of the Judge. He certifies that the Clerk is Clerk of the Court, but does not certify that he was, at the date of the Clerk's certificate. We are of opinion that it should be attested by the certificate of the presiding Judge, that the Clerk was Clerk at the date of his signature; more especially where the Judge's certificate bears no date, or one different from that of the Clerk.

Judgment affirmed. *

---

* See the case of Huff v. Campbell, 1. Stewart's Rep. 543. Also the case of Buel v. Van Ness, 8 Wheaton, 320 321.