## BROWN *versus* ADAIR.

The certificate of a Judge to the exemplification of the record of another State, " that the attestation of the Clerk of the Court, is in proper form," is sufficient to authorise the admission of such exemplification in evidence.

The act of Congress of 1790, does not require the presiding Judge or Justice, to certify that the Clerk, is Clerk at the time he attests the exemplification.

In error from Lawrence Circuit Court.

This was an action of assumpsit, to recover of the defendant the amount of a note of hand, assigned by him to the plaintiff. On the trial of the cause in the Court below, the plaintiff offered in evidence the exemplification of the record of a judgment existing in the Circuit Court of Barren County, in the State of Kentucky, containing the certificate of the Clerk of the said Court, together with the attestation of the presiding Judge, that said certificate "was in due form of law." The counsel for the defendant objected to the reading of the transcript to the jury, on the ground, that the certificate of the Judge was not sufficient. The Court sustained the objection, and excluded the exemplification from the jury, on which a verdict was rendered for the defendant.

Exception was hereupon taken to the opinion of the Court, excluding the said transcript from the jury, and the same in this Court assigned for error.

*Ormond* for Plaintiff.

Would a Judge sign a certificate if it was improper? His act should receive the most benign interpretation. It is not to be supposed that the Judge would certify under false circumstances. There is a courtesy due to Courts of other States, and frivolous

objections should be rejected. It is not to be feared that a forged record could creep in, and the difference between the time of the certificates was only four days.

*Clay & Thornton*, contra.—2 *Stew.* 27.

CRENSHAW, J.—The error relied on in this case is, that on the trial in the Court below, the presiding Judge excluded from the jury the exemplification of a judgment obtained in Kentucky, on the ground that the Judge who certified the record, did not state in his certificate that the Clerk who attested the record, was Clerk at the date of his attestation.

The statute of the United States, passed May 1790, provides "that the records and judicial proceedings of the Courts of any State shall be proved or admitted in any other Court within the United States, by the attestation of the Clerk, and the seal of the Court annexed, if there be a seal, together with a certificate of the Judge, Chief Justice, or presiding magistrate, as the case may be, that the said attestation is in due form."

The statute requires the Judge to certify nothing more, than that the attestation of the Clerk is in due form. It does not require him to certify that the Clerk was Clerk at the date of his attestation, or at any other time; though it is difficult for the Judge to certify without shewing that he is Clerk.

We are therefore of opinion that the Circuit Court erred in excluding the exemplification, and that for this error the judgment must be reversed and the cause remanded.

We are aware that in this adjudication, we are overruling a principle of decision settled in the case

of *Johnson* vs. *Howe's* administrators, at the July term of this Court in 1829.ᵃ  In that case the judgment of affirmance was predicated on two grounds. 1st. That it did not appear from the Judge's certificate that he was presiding Judge or magistrate of the Court from which the exemplification was taken, and 2d. That he did not certify that the Clerk was Clerk at the date of his attestation.

> ᵃ 2 Stew. 27.

The judgment was affirmed mainly on the first— and on the 2d ground as well as I remember, there was but a mere majority for affirming.  And if I concurred, being now convinced of my error, I should have no hesitation in departing from that rule of decision, and adhering to what I now believe the law to be.

Judges TAYLOR & WHITE, not sitting.  LIPSCOMB, C. J. dissenting.