## Pennell et al. *versus* Percival.

When a juror, after being sworn, fails to appear, the court should either compel his attendance or dismiss the jury and empannel another, to try the cause.

A certificate of the discharge of a bankrupt, need not set out the whole record.

A certificate of the discharge of a bankrupt, obtained by another person than the bankrupt, is as valid for the purposes of evidence, as the one given to the bankrupt himself.

As to what is the proper form of such a certificate, see this case.

ERROR to the District Court *Philadelphia.*

This was an action of assumpsit brought by Pennell and others against Percival, administrator of the estate of Edward W. Robinson, deceased.

It was brought to recover a sum of money due to the plaintiffs for certain cast iron pipes, furnished to and used in the repair of a furnace near Middletown, Dauphin Co., Pa., in 1840, which they alledged was carried on by the defendant's intestate, in partnership with the other persons named on the record.

The declaration contains the common counts, including a count for merchandize sold and delivered, and also averments of the deaths of Michael Kinsman and Daniel Cohick, and of the discharge of Israel Kinsman, as a bankrupt, under the act of Congress of 19th August, 1841. "Defendant pleads non-assumpsit and payment with leave, &c.

1. The first question arises on the following extract from the record, by which it will appear that the court ordered *thirteen* jurors to be sworn in the cause.

"*October* 5, 1847.

"A jury being called, came, to wit:—Edward Wheelan, James McCafferty, George Yerkes, Cornelius Baker, Benjamin Wiley, David Tobias, James McGill, William Gwin, Henry A. Hoff, Paul Pohl, Nicholas Wentzell and R. B. Martin, who being duly empannelled, sworn or affirmed according to law, the court direct a nonsuit under the seventh section of the act of eleventh of March, eighteen hundred and thirty-six, James McCafferty being absent, and not appearing in time, John Conlin was called and sworn in his stead, by order of court."

2. The second question arises on the following certificate of

Israel Kinsman's discharge as a bankrupt, which was objected to by the defendant, as not properly certified, and was rejected by the court; to which decision of the court the plaintiffs excepted.

"The President of the United States of America,

> *To all to whom these presents shall come, Greeting:*

[L. S.] Know ye, that we, having inspected the records and files of the District Court of the United States for the Southern District of New York, do find a certain paper writing there remaining of record, said writing being the certificate of discharge of Israel Kinsman, a bankrupt, and is in words and figures following, to wit:

Filed this sixteenth day of February, 1843.

IN BANKRUPTCY.—At a District Court of the United States of America, held for the Southern District of New York, at the City Hall of the city of New York, on Thursday, the sixteenth day of November, in the year one thousand eight hundred and forty-three:

Present: SAMUEL R. BETTS, *District Judge.*

*In the matter of Israel Kinsman, a Bankrupt:*

Israel Kinsman, of the city of New York, merchant, a bankrupt, having filed a petition praying to be discharged in full from all his debts, and for his certificate of such discharge, pursuant to the Act of Congress, entitled "An Act to establish a uniform system of bankruptcy throughout the United States," passed August 19, 1841.

And it appearing to the court upon the said petition, and the report of the clerk and assignee, accompanying the same, that the said bankrupt has *bona fide* surrendered all his property, and rights of property, (with the exception of such articles as were designated and set apart by the assignee,) and that the said bankrupt has fully complied with and obeyed all the orders and directions which have from time to time been passed by this court, and has otherwise conformed to all the requisites of the said act, and that no written dissent to such discharge has been filed by a majority in number and value of his creditors, who have proved their debts; and no cause being now shown to the court why the prayer of the petitioner be not granted, it is therefore, by virtue of the act aforesaid, ordered, decreed, and allowed by the court, that the said Israel Kinsman be, and he accordingly, hereby, is fully discharged of and from all his debts proveable under the said act, and owing by him at the time of the presentation of his petition to be declared a bankrupt; and it is further ordered that the clerk duly certify this decree, under the seal of this court, and deliver the same to the said bankrupt when demanded. All which we have caused, by these presents, to be exemplified, and the seal of the said District Court to be hereunto annexed.

[Pennell et al. *v.* Percival.]

Witness, the Honorable SAMUEL R. BETTS, Judge of the said Court, at the city of New York, in the Southern District of New York, this sixteenth day of November, in the year of our Lord one thousand eight hundred and forty-five and of our Independence the seventieth.　　　　　J. W. METCALF, *Clerk.*

I, Samuel R. Betts, Judge of said District Court, do certify the foregoing exemplification to be correct, and in due form of law.
　　　　　　　　　　　　SAMUEL R. BETTS."

The plaintiffs counsel having closed, the counsel for the defendant moved the court to enter a non-suit, on the ground that the plaintiff had not given evidence that Israel Kinsman was discharged as a bankrupt; whereupon,

The court ordered a non-suit to be entered, according to the provisions of the act of Assembly of 11th March, 1836, which the court refused to remove, on motion made to that effect.

Errors assigned:

1. The jury were empannelled and sworn irregularly, and contrary to law.

2. The learned Judge erred in rejecting the certificate of Israel Kinsman's discharge as a bankrupt.

3. In directing a non-suit to be entered.

The case was argued by *Porter*, for plaintiffs in error.—To 1st point, he cited Doebler *vs.* Comm'th, 3 *S.* & *R.* 237, 2 *Haywood* 113.

2d point—3 *Barr* 298, Boas *vs.* Hetzel; 5 *Barr* 507, Berghaus *vs.* Alter. That the form of the certificate was correct, 1 *Story's Laws U. S.* 93; *Ch.* 38; Act of 26th May, 1790; *Cranch* 412; *also* 13 *S.* & *R.* 135; 7 *Cranch* 412.

*Law*, for defendant in error:—That the record showed no objection made to the swearing of the last juror; and that the objection should have been made at the time it was done, and not omitted till the party had taken the chance of a verdict. As to the certificate—

1. That the whole record should have been produced.

2. That the said paper writing was not a certificate of discharge, but only a certificate of a certificate, 9 *Barr* 270; 4 *Wash. C. C. Rep.* 280.

3. That the form of the same was improper and illegal.

He contended that the certificate ought to contain intrinsic evidence of the official capacity of the person who certifies, 2 *Martin* 497; 2 *Root* 274. And that it must appear that the clerk who certifies, was clerk at the date of his certificate, 2 *Stewart* 27; 4 *Barr* 429, Grant *vs.* Levan.

The opinion of the Court was delivered by

ROGERS, J. Where a juror, after being sworn, fails to appear, the course which the Court ought to pursue is obvious : either to compel his attendance, or to dismiss the jury and impanel another to try the cause. But, instead of doing this, the Court, here, undertakes to dispense with the attendance of the defaulting juror, and to swear another in his place, without the consent, so far as appears, of the parties. This is manifest error. The act of 14th April, 1836, directs the manner of selecting the jury, and the 142nd section provides that the names of the jurors drawn, sworn or affirmed, in any cause, shall be written on a panel, and the slips or papers which bear those names, shall be kept apart by themselves in some other box, to be provided, &c., as aforesaid, and kept for that purpose, until such jury shall give in their verdict, and the same be recorded, or until the jury shall by consent of parties, or by the order of the court, be discharged from the cause. In the 141st section, the form of the oath is prescribed, and is as follows : " You, and each of you, do (swear or affirm) that you will well and truly try the issue joined between C. D. plaintiff, and E. F. defendant, and a true verdict give according to the evidence, unless dismissed by the court, or the cause be withdrawn by the parties." The power to dismiss is, evidently, to discharge the jury as a body, and not a single member of the jury after he is sworn. The record presents the singular spectacle of thirteen jurors sworn to the same case, one of whom remains sworn to the present time without having either rendered a verdict or been properly dismissed. That a case at law tried by thirteen jurors has been held to be error, see Whitemarsh *vs.* Davis, 2d *Haywood* 113; so, also, in Doebler *vs.* Commonwealth, 3 *S. & R.* 237, it is ruled to be error, if it does not appear from the record that all the jurors were sworn. Thus, when the names of eleven jurors were given on the record, and it was afterwards stated that one of the twelve jurors was withdrawn and another called in his stead, but the name of the juror last called was not given and it did not appear that he was sworn, judgment was reversed. It was not urged in either of the cases cited, that the mere fact of the trial was evidence of assent. Indeed, in Doebler *vs.* Commonwealth, there was strong reason to believe the cause was tried by the requisite number of jurors, and that the error complained of arose from a clerical mistake. But, notwithstanding, the judgment was reversed. It is nothing that the latter is a criminal case; as so far as concerns the jury, the mode of selection is the same. The case must be determined by the record, and it is of the first consequence that so important an element in the administration of justice as a jury, should be selected in the mode clearly pointed out by the act.

As the cause goes down for another trial, it is necessary to ex-

[Pennell et al. *v.* Percival.]

press the opinion of the court about the propriety of rejecting J. Kinsman's discharge. It is conceded by the counsel that, without without proof of the bankruptcy of Kinsman, the action cannot be maintained. It is, therefore, a fact material to the plaintiff to examine into the validity of the exception taken to the evidence. The objections are these: 1st. That the whole record should have been produced. 2nd. That the paper writing was not a certificate of discharge, but only a certificate of a certificate. 3rd. That the form of the same was improper and illegal.

The first point we conceive to be, in effect, ruled by Boas *vs.* Hetzel, 3 *Barr* 298. It is there held that the 4th section of the bankrupt law makes the certificate of itself competent evidence of the fact of bankruptcy. But it is contended that this applies only to the certificate given to the bankrupt himself, which alone is evidence for himself, or for any other person who may wish to avail himself of the provisions of the section. According to the argument, if the certificate is lost, the fact of the bankruptcy can only be proven, even by the bankrupt himself, by a full exemplification of the whole record. So, also, third persons must either procure the same, when the object is to prove only a single fact, on which the other parts of the record can throw no light, (thereby exposing them to a useless and burthensome expense,) or they must subpœna the bankrupt himself, with a *duces tecum*. This surely could not have been the object of Congress in the 4th section, the obvious intention of which was to dispense with an expense frequently burthensome to suitors. The same reason applies to third persons as to the bankrupt; they are within the same equity. The defendant in error relies on Waterman *vs.* Robinson, 5 *Mass. R.* 305; where a contrary decision is said to be held. But that case was ruled on the bankrupt act of 1800, where the words of the statute are different; and it may be, the language of the latter act is changed with a view to dispense with the inconvenience arising from the construction of the former. I am not, at any rate, satisfied with the distinction taken between third persons and the bankrupt, as that is determining the point on the letter, and not the spirit of the act. It is further contended that the exemplification of the certificate is but a copy of a copy, and therefore, inadmissible. But not so; I view the certificate on the record as the original decree of the court, and the certificate granted to the bankrupt as a copy of that record. The argument of the defendant in error, on this head, as is correctly said, involves the absurdity of supposing that the court, in the first place, grants the certificate to the bankrupt, and that afterward, the clerk of the court takes a copy of the certificate in the hands of the bankrupt, and makes it part of the record.

But it is said that the form of the authentication is defective, and this I think a fatal objection. It ought to appear that J. W.

[Pennell et al. *v.* Percival.]

Metcalf, at the time of the certificate, was the clerk of the District Court. Judge Betts certifies only that the exemplification is correct, and in due form of law. This seems to be the result of Johnson *vs.* Howe, 2 *Stewart* 27; Grant *vs.* Levan, 4 *Barr* 429. But, as the cause is ordered for a new trial, this is an error of but small account, as the defect may be amended by obtaining another exemplification of the record. And the same may be said as to the alledged discrepancy in dates, appearing on the record. I must, however, be permitted to remark, that would be no reason for excluding the record, as that is obviously a clerical error, and it is moreover, immaterial, in the present controversy, whether the bankrupt was discharged the 16*th February*, 1845, or the 16*th November*, 1845. The only essential part is, whether he was discharged before the commencement of the suit.

Judgment reversed and a *venire de novo* awarded.