## Lillie *v.* American Car and Foundry Company, Appellant.

| 209 | 161 |
|---|---|
| f 211 | ³254 |
| | 27 SC ³520 |
| 209 | 161 |
| | 28 SC ³103 |
| 209 | 161 |
| f221 | ³179 |

*Trial—Jury—Swearing of jury—Practice, C. P.*

At the trial of a cause two jurors who had been challenged were sworn with the others. The mistake was discovered as the plaintiff's counsel commenced his opening address to the jury. The court directed these jurors to leave the box, and two jurors who had been agreed upon took their places. All of the jurors were then sworn. *Held,* that as the jury was one selected by the parties, the defendant was deprived of no right and suffered no injury by the action of the court. Pennell v. Percival, 13 Pa. 197, distinguished.

*Appeals—Harmless error—Charge—Negligence.*

The appellant in a negligence case cannot allege as a ground for reversal an erroneous instruction, where such instruction not only did the appellant no harm, but gave him a chance to which he was not entitled.

*Negligence—Master and servant—Vice principal.*

The duty to provide a safe place to work and to maintain it in a reasonably safe condition by inspection and repair is a direct, personal and absolute obligation from which nothing but performance can relieve an employer, and the person to whom it is delegated becomes a vice principal whose neglect is the neglect of the employer.

Argued April 13, 1904. Appeal, No. 34, Jan. T., 1904, by defendant, from judgment of C. P. Columbia County, Dec. T., 1902, No. 110, on verdict for plaintiff in case of Alexander Lillie v. American Car and Foundry Company. Before MITCH-ELL, C. J., DEAN, FELL, MESTREZAT and POTTER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before LITTLE, P. J.

The court charged in part as follows:

This is an action of trespass brought by Alexander Lillie against the American Car and Foundry Company, to recover damages which Lillie, the plaintiff, claims he has sustained because of the negligence of the defendant, while he was working as an employee in the shops of the defendant.

The testimony tends to show that Mr. Lillie commenced to work for this company in March, 1902, and that he continued in its employment until June 7, nearly three months, when he was seriously injured. That he was at the time of the injury ready to pursue his work at the drill press. The signal had been given for the men to begin their labors. That Mr. Lillie then sustained an injury by being hit with a plank coming from overhead, stated to be a part of an overhanging runway upon which the oilers would go to oil the pulleys and shafting by means of which the motive power was applied to propel the machinery, including the drill press at which the plaintiff worked.

The mere fact of the injury raises no presumption of this company's negligence. The burden of proving it rests, independently of the fact of the injury, on the plaintiff.

There are three things, we believe, which are incumbent upon the plaintiff to establish by a preponderance of evidence, before he is entitled to a verdict in any sum: First, that the appliance was defective or that there was a loose plank overhead; second, that the master had notice or knowledge, or ought to have had; third, that the plaintiff did not know of the defect and had not equal means of knowing with the defendant.

[Thrash, the foreman of the repair crew, testified explicitly what instructions he received from the company. That, in short, it was his duty to see to it that if there was anything loose it should be removed, or he should have it securely fastened.

Are you satisfied by a preponderance of the testimony in this case that this company, in the employment of Thrash as foreman of its repair crew, performed its duty to this plaintiff and to the other employees? If it did, it is not liable to respond

in damages for this very serious injury which the plaintiff has sustained. Otherwise, it is liable because we hold that when Thrash was employed to do the work of repairing, which was incumbent upon this defendant company to do, to see that this plaintiff had a reasonably safe place in which to work, he was, while so engaged, representing the defendant company, whether he be called foreman, vice principal, boss, or by whatever name.] [2]

[The testimony is very meagre as to how long Thrash had been employed by the defendant company. Was he a sober, industrious, careful, painstaking man, fit to be intrusted with the performance of that imperative duty which the law casts upon this defendant company? If he was, we can hardly see how this plaintiff can recover anything at your hands. But if he was not, then the defendant has failed in the performance of its duty and can be said to be guilty of carelessness or wrong.

You should satisfy yourselves whether or not this defendant company was negligent in the employment and retention of Thrash and the repair crew, before proceeding to any other branch of inquiry.

If you decide that this testimony shows that this defendant company was careless and failed in the performance of its duty, then approach the next branch of the case.] [4]

Verdict and judgment for plaintiff for $8,208. Defendant appealed.

*Errors assigned* were (1) in directing the jury to be sworn under the circumstances stated in the opinion of the Supreme Court; (2, 4) portions of charge as above, quoting it.

*James Scarlet*, with him *Alex. C. Jackson*, for appellant.—It is well understood and the universal practice in Pennsylvania, that when a mistake arises in the drawing and swearing of the jury, unless the parties agree to the jury or waive the mistakes, the court discharges the jury as a body and proceeds to impanel another jury: Whitehurst v. Davis, 2 Haywood (N. C.), 113 ; McCormick v. Brookfield, 4 N. J. L. 69.

For the court to submit a question of fact to the jury of which there is no evidence or without the color of proof is error : Whitehill v. Wilson, 3 P. & W. 405; Evans v. Mengel, 1 Pa. 68; Laird v. Campbell, 92 Pa. 470.

The true point of inquiry under the pleadings was the failure of the company to repair and inspect and not the competency of Thrash as foreman or otherwise. If the court misled the jury by directing their attention to a point on which there was no evidence, it is error: Snyder v. Wilt, 15 Pa. 59; Harrisburg Bank v. Forster, 8 Watts, 304; Hersheaur v. Hocker, 9 Watts, 455.

It is apparent that Thrash was not placed in entire charge of the business, or of a branch of it. He was foreman of a gang that moved machinery and made repairs, as he was instructed. He was not charged with the duty of inspection but both he and his men received instructions from time to time frequently to leave nothing loose overhead, but to fasten or remove it.

Those instructions were not confined to him, but made to every one of his men. This is not surrendering all to Thrash, but exercising oversight: Keystone Bridge Co. v. Newberry, 96 Pa. 246.

Defendant's officers were not bound to stand by while the work was in actual progress to see that it was properly done. If the proper orders were given, they might assume that they were carried out: Durst v. Carnegie Steel Co., 173 Pa. 162; Walton v. Bryn Mawr Hotel Co., 160 Pa. 3; New York, etc., R. R. Co. v. Bell, 112 Pa. 400; Lehigh Valley Coal Co. v. Jones, 86 Pa. 432.

*Grant Herring*, with him *W. H. Rhawn*, *C. A. Small* and *Clinton Herring*, for appellee.—If after a jury is sworn, an unchallenged and unexamined juror is found in the panel, the proper juror should be substituted and the jury resworn: Colt v. Eves, 12 Conn. 243.

Taking the full context of the charge as a whole, it is too plain for argument that nowhere does it appear that the court based the liability of the defendant company upon its negligence in the original employment of Thrash, the foreman of the repair crew. In the absence of special requests for instructions, the true test is to consider the charge as a whole, and if when so taken it is not erroneous, errors cannot be assigned for inaccuracies in detached portions, taken out of their connection with the rest of the charge: Reeves v. Delaware, Lackawanna & Western Railroad Company, 30 Pa. 454, p. 460;

Penna. R. R. Co. v. Coon, 111 Pa. 430; Kyle v. Southern Electric Light, etc., Co., 174 Pa. 570; Reese v. Reese, 90 Pa. 89; Lehigh Valley R. R. Co. v. Brandtmaier, 113 Pa. 610; Galbraith v. Black, 4 S. & R. 207; Penn. Mut. Ins. Co. v. Snyder, 3 W. N. C. 269.

OPINION BY MR. JUSTICE FELL, May 9, 1904:

The first error assigned is to the action of the court in dismissing jurors who were sworn by mistake and in directing others who had been selected by the parties to take their places. Two jurors who had been challenged were sworn with the others. The mistake was discovered as the plaintiff's counsel commenced his opening address to the jury. The court directed these jurors to leave the box, and two jurors who had been agreed upon took their places. All of the jurors were then sworn. At the request of the defendant's counsel an exception was noted, but no specific ground of objection to the action of the court was stated. The proceeding would have been more regular if the whole jury had been discharged and a new one empaneled. This was in effect what was done. The trial which had commenced came to an end. A new jury of twelve men who had originally been selected by the parties was sworn, and tried the case. In Pennell v. Percival, 13 Pa. 197, relied on by the appellant, a juror who had been sworn failed to appear at the trial, and another juror was put in his place without the consent of the parties. In that case the jury was not the one selected by the parties; in this case it was the one selected, and the defendant was deprived of no right and suffered no injury by the action of the court.

The remaining assignments are to parts of the general charge by which it is alleged that the case was submitted to the jury on an issue not raised by the pleadings nor decisive of the controversy. The plaintiff, an employee, was injured by the falling of a plank, which was a part of the original construction of an overhead runway in the defendant's machine shop. One end of the plank rested on a hanger and the other on a window sill, and it was used by the workmen as a walk when oiling overhead machinery and adjusting and repairing the shafting and pulleys. It had originally been fastened by bolting or nailing, but the end at the window had become decayed and loos-

ened. The negligence alleged was the failure to maintain the place in which the plaintiff was assigned to work in a reasonably safe condition. The instruction as to the nature and extent of the defendant's duty to provide and maintain a reasonably safe place for its workmen and as to the burden of proof of negligence was full and accurate, but the distinction was not clearly drawn between the duties which an employer may delegate and those which he may not delegate so as to avoid responsibility. The question whether the defendant had performed its duty in the employment of competent men to make repairs was submitted with instructions that would permit a finding against it if it had not exercised reasonable care in this respect, and would prevent one if it had. The duty to provide a safe place to work and to maintain it in a reasonably safe condition by inspection and repair is a direct, personal and absolute obligation from which nothing but performance can relieve an employer, and the person to whom it is delegated becomes a vice principal whose neglect is the neglect of the employer: Lewis v. Seifert, 116 Pa. 628; Prevost v. Citizens' Ice, etc., Co., 185 Pa. 617; Casey v. Penna. Asphalt Paving Co., 198 Pa. 348. But as no question of the competency of the foreman and the men of the repair crew could arise unless the jury found that the place was unsafe, and since their neglect was not made the neglect of their employer, the instruction complained of did the defendant no harm but gave it a chance to which it was not entitled.

The judgment is affirmed.