GLADWISH, The W. E. See Case No. 17,-355.

## Case No. 5,472.

### The GLAMORGAN.

[1 Spr. 273.] [1]

District Court, D. Massachusetts. Dec., 1854.

SLAVE TRADE—FORFEITURE AND CONDEMNATION—DISTRIBUTION OF PROCEEDS.

Where a vessel is condemned for a violation of a statute of the United States, and a moiety of the proceeds is given to the officers and crew of the ship of war which made the seizure, such moiety is not to be paid into the treasury of the United States, but must be distributed by the court.

[Cited in Rice v. Thayer, 105 Mass. 261.]

In admiralty.

B. F. Hallett, Dist. Atty., in support of the motion.

SPRAGUE, District Judge. This is a libel of information against the brig Glamorgan and cargo, alleging a violation of the statute of the 20th of April, 1818 (3 Stat. 450), for the prevention of the slave trade, and claiming a forfeiture.

A forfeiture was decreed by the court, and the proceeds ordered to be paid, one half to the United States, and the other half to the officers and crew of the United States armed brig Perry, who had seized the Glamorgan, on the high seas. The court further ordered, that the moiety of said proceeds, which was to be paid to the said officers and crew, should be delivered to Benjamin F. Hallett, Esq., their proctor, to be by him distributed among them, according to law. The district attorney now moves the court that so much of the order as directs a moiety to be delivered to the proctor for the officers and crew, be rescinded, and that the same be paid into the treasury of the United States. It is understood that this motion is made by instructions from the secretary of the navy, and that the view taken by that department is, that the moiety which has been awarded, ought to be paid into the treasury of the United States, in the manner in which prize-money is to be paid in, by virtue of the 8th section of the act of March 3, 1849 (9 Stat. 378), "making appropriation for the naval service," &c. The statute of March 3, 1819 (3 Stat. 533), in addition to the acts pro-

hibiting the slave trade, provides that, in cases of vessels seized under the slave acts, by an armed vessel of the United States, the proceeds shall be divided equally between the United States, and the officers and men who shall seize, take and bring the same into port for condemnation. And the section then proceeds to say, that "the same shall be distributed in like manner as is provided by law for the distribution of prizes taken from an enemy."

The previous statute of April 29, 1800 (2 Stat. c. 45, § 6), prescribes the manner in which the "prize money, belonging to the officers and men, shall be distributed"; that is, it determines the proportion to which they shall severally be entitled. But it says nothing, as to the custody of the money previously to the distribution, or the person, or authority, by which the distribution shall be made; thus leaving the proceeds in the registry of the court, until paid out, by order of court. The 8th section of the act of 1849, before referred to, provides that all prize-money arising from captures made by the vessels of the United States, "received by the marshal, who shall make sale of such prizes, shall, within sixty days after such sale, deposit the net proceeds * * * into the treasury of the United States * * * to be distributed, as now provided by law."

It will be observed, that this does not change the distribution, but expressly declares that it shall be distributed, as now provided by law; that is, according to the previous statute. But it changes the custody of prize-money, previously to distribution, from the registry of the court, to the treasury of the United States. And it also changes the officer by whom the distribution is to be made, substituting the secretary of the navy for the prize agents.

The case now before the court is not one of prize, but of forfeiture of an American vessel, for the violation of a statute of the United States.

The forfeiture has been decreed in this case, not upon any prize proceedings, but upon a libel of information for the violation of a statute. The statute of 1818, which created this forfeiture, provides that the proceeds shall be divided between the United States and the informer. The statute of 1819, before referred to, in case a forfeited vessel has been seized by an armed vessel of the United States, divides the proceeds between the United States and the officers and men of such armed vessel; and then provides for the distribution among such officers and men, by declaring that "the same shall be distributed, in like manner as is provided by law for the distribution of prizes taken from an enemy."

It does not make this to be a prize proceeding, or in any manner change its character, but merely adopts the rule for distribution in the case of prizes, as the rule for distribution in the case of forfeiture; and

[1] [Reported by F. E. Parker, Esq., assisted by Charles Francis Adams, Jr., Esq., and here reprinted by permission.]

the statute of 1849, leaves the rule of distribution, in case of prize, as it was prior to the statute of 1819.

The 8th section of the statute of 1849, is confined to prize-money, as to which it has changed the place of deposit, and the officer to make the distribution; but as to the proceeds of forfeitures for the violation of the statutes of the United States, it has not changed the place of deposit, nor the officer to make the distribution, nor the rules for the distribution.

But if it should be thought that the statute of 1849 changes the manner of distribution, the question would arise, whether the distribution of the proceeds, under the statute of 1819, is to be governed by the manner existing at the time of passing that act, or by the manner provided by the subsequent act; the statute of 1819 says, that the distribution shall be in the same manner as is provided by law, &c., not as shall be provided by law. It, by reference, makes the preëxisting rule to be the rule of that statute, and it may well be doubted whether a subsequent repeal or alteration of the rule, in cases of prize, can affect the statute of 1819.

It seems to me, that there is no error in the order heretofore passed by this court. Motion denied.

[For a subsequent hearing in the circuit court, affirming an order of the district court disallowing an appeal, see Case No. 15,214.]