Hart v. Burnett.

Plaintiff had a right to join the defendants, and that right cannot be defeated. For a full review of the questions involved, see particularly *Smith* v. *Rines*, 2 Sumner C. C. 338, 340-2-4; and brief of Washburn, page 340-2 : *Beardsley* v. *Torrey*, 4 Wash. C. C. 286.

---

# HART v. BURNETT *et al.*

IT is only final judgments or decrees of the highest Court of a State which can be reëxamined upon a writ of error by the Supreme Court of the United States.

A judgment of this Court on appeal, reversing the judgment of a lower Court in an action of ejectment, and remanding the cause for a new trial—following a decision finally determining certain questions of law arising in the case which will control the Court below in its further action—is not a final judgment within the meaning of the twenty-fifth section of the Judiciary Act of 1789.

The action of the presiding Judge of a State Court on the application for a citation upon a writ of error, directed to the Justices of that Court, issued by the Clerk of the Circuit Court of the United States, is so far judicial in its nature that he may refuse to issue the citation when in his judgment it is clear that the writ of error will not lie for want of jurisdiction.

The judgment of this Court, which was sought by this proceeding to be carried before the Supreme Court of the United States for review, will be found with the decision in the report of the case, (15 Cal. 530). The plaintiff procured the issuance of a writ of error by the Clerk of the United States Circuit Court for the District of California, directed to the Justices of this Court; and upon its presentation, applied to the Chief Justice for a citation to the defendants in error, upon which the following opinion was delivered:

Field, C. J.—In this case, the plaintiff presents a writ of error, directed to the Justices of the Supreme Court of this State, issued by the Clerk of the Circuit Court of the United States for the District of California, and applies for a citation to the defendants in error. The twenty-fifth section of the Judiciary Act of 1789 declares : " That a final judgment or decree in any suit, in the highest Court of law or equity of a State in which a decision in the suit could be had, where is drawn in question the validity of a treaty, or statute of, or an authority exercised under, the United States, and the decision is against their validity ; or where is drawn in question the validity of a statute of, or an authority exercised under, any State, on the ground of their being repugnant to the Constitution, treaties or laws of the United States, and the decision is in favor of such their validity ; or where is drawn in question the construction of any clause of the Constitution, or of a treaty, or statute of, or commission held under the United States, and the decision is against the title, right, privilege or exemption specially set up or claimed by either party, under such clause of the said Constitution, treaty, statute or commission, may be reëxamined and reversed or affirmed in the Supreme Court of the United States upon a writ of error— the citation being signed by the Chief Justice, or Judge, or Chancellor of the Court rendering or passing the judgment or decree complained of, or by a Justice of the Supreme Court of the United States, in the same manner and under the same regulations—and the writ shall have the same effect as if the judgment or decree complained of had been rendered or passed in a Circuit Court, and the proceeding upon the reversal shall also be the same, except that the Supreme Court, instead of remanding the cause for a final

decision, as before provided, may, at their discretion, if the cause shall have been once remanded before, proceed to a final decision of the same and award execution." The Supreme Court of this State, whilst admitting the constitutionality of this section, does not recognize an unlimited right of appeal from its decisions to the Supreme Court of the United States. In speaking upon this subject in *Ferris* v. *Coover*, (11 Cal. 179) the Court said : " That act gives no such right. The appellate power of the Supreme Court in this respect is strictly limited to the cases given in the act. Like any other special authority, it is to be strictly pursued, and the record must show upon its face the facts which give the power. In a case falling within the provisions of the section quoted, we acknowledge the right of appeal. We deny it in all other cases. By the provisions of this section, in such cases, the Chief Justice of this Court is authorized to issue the citation. That duty or that power is cast upon him alone. The Associate Justices have nothing to do in the premises. The act is his, as a Chamber proceeding. But still the power is, in its nature, in some degree judicial. He must see, when he is required to act or authorized to proceed under the Federal law, that he is within the law. If there is much doubt or question as to the jurisdiction, he might, in his discretion, (and perhaps it would be advisable) issue the citation, leaving the fact of jurisdiction to be determined by the Supreme Court of the United States. This is what we understand Mr. Justice Johnson to mean in the case of *Buel* v. *Van Ness* (8 Wheat. 312)." In that case, the objection was taken that the writ of error did not purport upon its face to be issued upon a final judgment of the highest Court of the State, but the Justice said : " We see no reason why it should be so expressed. The writ of error is the act of the Court ; its object is to cite the parties to this Court, and to bring up the record. How else is this Court to ascertain whether the judgment be final ? *Nor can there be any danger of its being hastily or erroneously used, since it must be allowed either by the presiding Judge of the State Court or a Judge of the Supreme Court of the United States.*"

In accordance with the views here expressed, I must, when applied to for a citation, judge, in the first instance, whether the case is covered by the Act of Congress. In the present case, there is

no ground for contending that the Supreme Court of the United States has any appellate jurisdiction over the judgment rendered by this Court. It is only final judgments or decrees of the highest Court of a State which can be reëxamined upon a writ of error by the Supreme Court of the United States. In this case, the decision of the Supreme Court of the State finally determined certain questions of law, which will control any further action of the Court below, but it has never rendered any final judgment within the meaning of the twenty-fifth section of the Judiciary Act of 1789. Its judgment was, that the judgment of the lower Court be reversed and the cause remanded, from which a new trial followed as a matter of course—the action being ejectment, and no special directions accompanying the reversal. The decisions of the Supreme Court of the United States are conclusive upon this point. (See *Houston* v. *Moore*, 3 Wheat. 433 ; *Winn* v. *Jackson*, 12 Id. 135 ; *Brown* v. *The Union Bank of Florida*, 4 How. 465 ; and *Pepper et al.* v. *Dunlap et al.*, 5 Id. 51.)

Application for citation denied.