## WILLIAM RICE *vs.* ADIN THAYER.

An informer cannot sue a collector of internal revenue in the courts of this Commonwealth, under the U. S. Sts. of 1862, *c.* 119, § 31, or 1864, *c.* 173, § 41, for a share of a penalty paid to the collector, unless such penalty has been recovered by judgment of a United States court.

CONTRACT on an account annexed. Trial in the superior court, before *Dewey*, J., who reported the following case :

"The first and third items of the account were as follows : 1863. May 21. To one moiety as informer *vs.* Charles Baker, retained by said Thayer, $15.00.' '1864. October 1. To one moiety as informer *vs.* Wm. C. Watson, retained by said Thayer, $30.00.'

"It appeared from the evidence, that the defendant was formerly the collector of the eighth district of Massachusetts under the internal revenue laws ; that the plaintiff was appointed and employed by him as deputy collector ; that prosecutions were instituted in the United States court by the defendant against Baker and Watson for their violation of the United States revenue laws, in carrying on business without taking out the proper

Rice *v.* Thayer.

license therefor ; that such proceedings were had that Baker paid the sum of $30, and Watson the sum of $60 to the United States as penalties for said violations; and that subsequently one half of the said amounts were paid over to the defendant, who claimed to be entitled to the same. The plaintiff claimed that he was entitled to the same, on the ground that he was the informer. The defendant claimed that he was himself the informer, and also that the plaintiff could not in this action recover the money received by the defendant as a moiety of the penalties.

" The judge submitted to the jury the question, whether the plaintiff was the informer, giving to them instructions as to what constituted an informer, which were not objected to. The jury found that the plaintiff was the informer in both cases, and included in their verdict for the plaintiff the sum of $50.75 on account of the money received by the defendant as the moiety of the penalties and interest thereon.

" If under said special finding the plaintiff is entitled to recover of the defendant the said moiety, judgment is to be rendered on the verdict ; if he is not so entitled, the verdict to be amended by deducting therefrom the sum of $50.75, and judgment rendered for the balance of $46.89."

*F. P. Goulding*, for the defendant.

*G. F. Verry*, for the plaintiff.

GRAY, J. The only difficulty in this case arises from the brief and imperfect statement, in the report, of the proceedings in the United States court. It is not stated whether those proceedings were under the act of congress of 1862, *c.* 119, §§ 31,* 59, or under

---

* " It shall be the duty of the collectors aforesaid, or their deputies, in their respective districts, and they are hereby authorized, to collect all the duties and taxes imposed by this act, however the same may be designated, and to prosecute for the recovery of the same, and for the recovery of any sum or sums which may be forfeited by virtue of this act; and all fines, penalties and forfeitures which may be incurred or imposed by virtue of this act, shall and may be sued for and recovered, in the name of the United States, or of the collector within whose district any such fine, penalty or forfeiture shall have been incurred, in any proper form of action, or by any appropriate form of proceeding, before any circuit or district court of the United States for the district

the act of 1864, c. 173, §§ 41,* 73, nor whetl er any judgment was ever rendered in that court for the penalty sued for in either case.

If, as the defendant contends, the second s it in the United States court was under the act of 1864, then, by the express terms of that act, the question who was the informer must have been ascertained and determined by the judgment of that court in that suit, and cannot therefore be tried anew in this action.

If the second suit was under the act of 1862, as the first clearly was, then that court might doubtless, as an incident to its control of the suit and its judgment for the penalty sued for, adjudicate this question. *United States* v. *Jones*, 1 Wheat. 462. *McLane* v. *United States*, 6 Pet. 404. *Westcot* v. *Bradford*, 4 Wash. C. C.

---

within which said fine, penalty or forfeiture may have been incurred, or before any other court of competent jurisdiction; and, when not otherwise and differently provided for, one moiety thereof shall be to the use of the United States, and the other moiety thereof to the use of the person who, if a collector or deputy collector, shall first inform of the cause, matter or thing whereby any such fine, penalty or forfeiture was incurred."

* "It shall be the duty of the collectors aforesaid, or their deputies, in their respective districts, and they are hereby authorized, to collect all the duties and taxes imposed by this act, however the same may be designated, and to prosecute for the recovery of any sum or sums which may be forfeited by virtue of this act; and all fines, penalties and forfeitures which may be incurred or imposed by virtue of this act shall be sued for and recovered, in the name of the United States, in any proper form of action, or by any appropriate form of proceeding, *qui tam* or otherwise, before any circuit or district court of the United States for the district within which said fine, penalty or forfeiture may have been incurred, or before any other court of competent jurisdiction; and where not otherwise and differently provided for, one moiety thereof shall be to the use of the United States, and the other moiety thereof to the use of the person, to be ascertained by the judgment of the court, who shall first inform of the cause, matter or thing whereby any such fine, penalty or forfeiture was incurred: Provided, that in case of any suit brought upon information received from any person, other than a collector, deputy collector, assessor, assistant assessor, or inspector, of internal revenue, the United States shall not be subject to any costs of suit, nor shall the fees of any attorney or counsel employed by any such officer be allowed in the settlement of his account, unless the employment of such attorney or counsel shall be authorized by the commissioner of internal revenue, either express or by general regulations."

492. *The Glamorgan,* 1 Sprague, 273. And if it did so adjudicate, its adjudication is conclusive.

But if that court merely gave judgment for the amount of the penalty, and that amount was paid over to the collector as the representative of the United States, without passing upon the question who was the informer, the informer might sue the collector for his moiety in any national or state court having jurisdiction of the parties. *Jones* v. *Shore,* 1 Wheat. 462. *Van Ness* v. *Buel,* 4 Wheat. 74. *Buel* v. *Van Ness,* 8 Wheat. 312. *Sawyer* v. *Steele,* 3 Wash. C. C. 464. *Lapham* v. *Almy,* 13 Allen, 301.

In either case, however, it is only when the amount of the penalty has been recovered by judgment of the court, that an informer is entitled to a moiety thereof. If it was paid by compromise or agreement, before final judgment, neither of the acts of congress upon which the plaintiff relies gives him any share therein. U. S. Sts. 1862, *c.* 119, § 31 ; 1864, *c.* 173, § 41. *United States* v. *Morris,* 1 Paine, 209, and 10 Wheat. 246. *Lapham* v. *Almy,* 13 Allen, 301. *United States* v. *Distilled Spirits,* 1 Lowell, 246, 247.

If such a judgment for the penalty was proved to have been rendered under the act of 1862, the burden of proving that the United States court further adjudged the collector to be entitled to it might perhaps be upon him ; but as the report does not show that any judgment whatever was rendered in either of the suits, the plaintiff cannot maintain an action for any share of the penalty, and can only recover the other items in his account against the defendant. *Judgment for* $46.89 *and interest.*