## In re ISSUING WRITS OF ERROR.

### (Circuit Court of Appeals, Sixth Circuit. October 11, 1912.)

COURTS (§ 382*)—WRITS OF ERROR—ISSUANCE—POWER TO ISSUE.

    Rev. St. § 1004 (U. S. Comp. St. 1901, p. 713), as amended by Act Cong. Jan. 22, 1912 (37 Stat. 54), provides that writs of error returnable to the Supreme Court or a Circuit Court of Appeals may be issued as well by the clerks of the District Courts under the seal thereof as by the clerk of the Supreme Court or of a Circuit Court of Appeals, and when so issued they shall be, as nearly as the case will admit, agreeable to the form of writ of error issued by the clerk of the Supreme Court or the clerk of a Circuit Court of Appeals. *Held* that, where a writ of error from the Supreme Court has been allowed by a judge of the Circuit Court of Appeals to review a decision of that court, it should be issued either by the clerk of the Supreme Court or the clerk of the Circuit Court of Appeals, and not by the clerk of the District Court.

    [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1019, 1020; Dec. Dig. § 382.*]

In the matter of authority to issue writs of error from the Supreme Court to the Circuit Court of Appeals.

Before WARRINGTON, KNAPPEN, and DENISON, Circuit Judges.

PER CURIAM. A writ of error from the Supreme Court has been allowed by one of the judges of this court to review one of our decisions. The question is, By the clerk of which court should the writ be actually issued? We think we should determine and announce the practice to be followed by the members of this court, as now constituted, under Revised Statutes, § 1004 (U. S. Comp. St. 1901, p. 713), as amended January 22, 1912 (37 Stat. 54).

Previous to the amendment, the statute made no provision for the issue of writs from the Supreme Court to the Circuit Court of Appeals, nor from the latter courts to the Circuit and District Courts; the statute having been passed before the Circuit Courts of Appeals were organized. Previous to the amendment, it was the custom of the clerk of the Circuit Court for the Southern District of Ohio to issue writs of error for the Supreme Court for review of our judgments, upon allowance of the writ by one of the judges of this court, by analogy to the practice on error from the Supreme Court of the United States to a state court. Buell v. Van Ness, 8 Wheat. 312, 5 L. Ed. 624; Ex parte Ralston, 119 U. S. 613, 7 Sup. Ct. 317, 30 L. Ed. 506. So far as we know, there has been no practice in this respect since the amendment of 1912.

The amended statute reads:

"Writs of error returnable to the Supreme Court or a Circuit Court of Appeals may be issued, as well by the clerks of the District Courts, under the seal thereof, as by the clerk of the Supreme Court or of a Circuit Court of Appeals. When so issued, they shall be as nearly as the case may admit agreeable to the form of a writ of error issued by the clerk of the Supreme Court or the clerk of a Circuit Court of Appeals."

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The issue of writs of error both to and from this court was thus provided for. We think the natural and thus the correct construction of the amendment is that the writ of error may be issued by the clerk of the court to which it is returnable or by the clerk of the court whose judgment is to be reviewed, and thus that the clerk of this court has authority to issue the writ in question, leaving no authority therefor in the clerk of the District Court. To say the least, unless the clerk of this court has such power, it is not, in our judgment, lodged in the clerk of the District Court.

We therefore think we should not approve the issue by the clerk of the District Court of writs of error from the Supreme Court for the review of our judgments; but the judges of this court will indorse allowance upon such writs to be issued by the clerk of either the Supreme Court or this court, whichever plaintiff in error may prefer. We realize that our construction of the statute is not binding on the Supreme Court, and that the latter may dismiss a writ which, in its judgment, is improperly issued. A plaintiff in error need not, however, be prejudiced by the course we are taking. The power of the clerk of the Supreme Court to issue the writ is unquestioned; and if a plaintiff in error is not entirely satisfied of the power of the clerk of this court to issue the writ, he can and should save any question by having the writ issued by the clerk of the Supreme Court. A plaintiff in error must take the responsibility in this regard. We assume that, under present rule 40 of the Supreme Court, its clerk would issue the writ on its allowance by a judge of this court. But, if not, any Justice of the Supreme Court may allow the writ, and none the less from the fact that it has already been once allowed by a judge of this court.