## ALBERT KAISER v. C. L. FLACCUS.

APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS NO. 1 OF ALLEGHENY COUNTY.

Argued October 30, 1890—Decided November 10, 1890.

1. In an action against an employer to recover damages for personal injuries received by an employee, from the falling of a belt, from a grinder shaft about which he was working, the point was affirmed that the negligence of a fellow-servant concurring with that of the master would not relieve the latter from liability: assignment of error abandoned.

2. Where instruction was asked, in such action, that, if the jury found certain facts as to the position of the shaft and belt; and that the plaintiff crowded himself into that position, he was guilty of contributory neg-

ligence, it was not error to affirm the point with a qualification calling attention to the plaintiff's want of knowledge and instruction as to the method of operation.

Before PAXSON, C. J., GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 123 October Term 1890, Sup. Ct.; court below, No. 485 December Term 1887, C. P. No. 1.

On November 7, 1887, a summons in trespass was served in an action brought by Albert Kaiser against Charles L. Flaccus, to recover damages for personal injuries received. Issue.

At the trial on April 20, 1890, it was shown that on February 21, 1887, the plaintiff was in the employ of the defendant, a manufacturer of bottles at Tarentum. His duty was the grinding of bottle necks. The machine at which he was employed consisted of a grinder made of a horizontal plate of cast iron hung on a perpendicular shaft, the plate being protected by a sheet-iron casing about it, extending a little above its upper edge. Over the plate was suspended a box, feeding upon it sand and water. The shaft was run by a belt attached at its top. The testimony of the plaintiff was to the effect that the bearings of the shaft at the top and bottom had become worn so that it wabbled, and tended to throw the belt from the shaft pulley; that no sufficient hanger was supplied to catch the belt should it become loose and fall; that while the plaintiff was at work the belt fell upon him, and, in attempting to lift it from about his head, he was caught about the shaft and his right arm so badly mangled that it had to be amputated. As he testified, he had never seen or been employed about the machine until that day, and his instructions were limited to directions how to hold the bottles upon the grinder. There was also evidence that the engine running the shaft was not at the time in the care of the proper engineer, and that one Stoltz, a fellow employee, ran to the engine and stopped it. From the evidence on the part of the defendant, it was claimed that the plaintiff was guilty of negligence in being at the place where the belt would strike him if it fell; that at that point, which was rather between the shelving and the grinder, there was but little room, and plenty of room about it at other places; that the shaft was not in bad working order, and that the plaintiff's injury was caused by the carelessness of the boy Stoltz with the engine.

Charge of Court below.

At the close of the testimony, the court, STOWE, P. J., charged the jury in part as follows:

The defendant has asked us to say to you, and the general principles suggested here cover so fully the whole case, that I have affirmed them all as good law, as follows:

1. That an employer is not a guarantor of the safety of his workmen; and the full extent of his duty to them is that he shall provide them with reasonably safe machinery and appliances with which to work, and keep the same in reasonable condition and repair, and also furnish a reasonably safe working place.

2. That the employer need supply only such machinery as is commonly used by other like employers for the same kind of work, and when he has done this, he has done his full duty.

3. That an employer cannot be held guilty of negligence because he has not furnished the best known or conceivable appliances.

4. That the burden of proof is upon the plaintiff to satisfy the jury, by the fair weight of the testimony in the case, that the machinery furnished for him to work at was not reasonably safe, and that it was not of such a character as could be, with reasonable care on his part, used without danger, except such danger as was reasonably incident to the business at which he was employed.

5. That a servant assumes the ordinary risks incident to the service, as well as of known dangers, and also such risks as become apparent by ordinary observation; and, if the jury should find that on the day of the injury the plaintiff placed himself unnecessarily in a place obviously dangerous, and there received his injury, he cannot recover.

6. That from the facts alleged by the plaintiff, that he was previously employed in the box factory, and had never before worked at the glass grinder, the jury would have no right to infer negligence on the part of the defendant.

7. That from the testimony given on the part of the plaintiff, in relation to the use of an iron bar or rod in putting the grinder belt on the pulleys, the jury would have no right to infer negligence on the part of the defendant.

8. That if the jury should find that the injury happened in the manner alleged by plaintiff, yet, if they further find that

Charge of Court below.

the dropping of the grinder belt was directly the result of the stoppage of the engine by John Stoltz, Jr., and that John Stoltz, Jr., was not the engineer, and stopped the engine of his own volition, without directions from any one, without notice to the plaintiff, and without any reasonable necessity, and further find that said Stoltz was a fellow workman with the plaintiff, then they must find that the injury to the plaintiff was caused by the negligence or carelessness of the said Stoltz, and their verdict must be for defendant.

9. That if the jury find that, after the grinder belt fell from the pulley, and while the grinder was still in motion, the plaintiff climbed up on the grinder and attempted to replace the belt, and in so doing was caught between the belt and shaft, he was himself guilty of negligence and cannot recover.

10. That if the jury find that immediately under the grinder belt, the grinder was so close to the bottle shelf as to indicate that it was not intended that a workman at the grinder should stand there in performing his work, and that, nevertheless, he crowded himself into that place, and that otherwise he would not have been injured, then he cannot recover.

The plaintiff asks us to say to you, and it is bearing on the action of Stoltz, I think it was, who was not an engineer, and who, when he heard of the accident, ran and stopped the engine, and in that way caused the injury:

1. That the concurring negligence of a fellow servant with the negligence of the master, will not relieve the master of liability.

Answer: Affirmed.[1]

If Stoltz, directing our attention to that particular point, without any authority, without having any right to stop the engine, did that which was absolutely careless, and brought about this accident as he did, if he did it at all, without any apparent necessity, was guilty of negligence, he himself would be responsible, and not the employer, without the evidence shows that the defendant himself had been guilty of something that, concurrently with the improper act of Stoltz, brought about the accident. Whether it was Stoltz's negligence or not, the plaintiff must show some negligence on the part of defendant, which contributed to the accident, to hold him liable.

The first question, gentlemen, is how did the accident occur? Was it from plaintiff climbing up on the grinder to put back

Charge of Court below.

the belt that had fallen from the pulley? That is the first question to be determined in this case. The theory of the defendant, upon that point, is that the plaintiff, being in this place, assuming for the present that it was a proper one where he had a right to be, and the belt having fallen, undertook to replace the belt, and in doing that got his knees upon the rim of the grinder, reached up his hand or arm in such a way that it got caught in the belt, and was in that way drawn on the grinder, and the injury sustained. If that is so, the plaintiff cannot recover in this case. It was something he had no business to do. It was an act of carelessness, and an act his duty did not require him to perform; and if that is the way the accident happened, he cannot recover.

If he was not drawn upon the grinder and hurt by means of climbing up upon it in that way, as is alleged by the defendant, and, of course, denied by the plaintiff, the next question is, was he in a place where it was apparent from the arrangement of the machine and the bench, if there was a bench there, he should not have placed himself? If he climbed up he cannot recover. If he did not climb up, was he in a place where he had no business to be? You will recollect on that subject there is no evidence indicating that he was put in any particular place. He was taken to the machine and directed to go to work. He had a right, in the absence of anything that would indicate the contrary, to go to work wherever it was most convenient. If the water was splashing around one place more than another and the one place seemed to be a better place than another, so far as his own convenience or comfort was concerned, he had a right to assume or take that position and go to work. [If there were nothing other than the belt running over his head to indicate danger, if there were nothing that would indicate it was not a proper place, not a place intended for him to go, or for a workman to be; if the surroundings indicated it was a place where he should not go, where it was apparent to a man of ordinary discretion, (and he is to be held to that,) he had no business to be, and he placed himself there, and the belt fell down upon him and drew him on to this grinder, he cannot recover, because that would be negligence. That is based on the assumption that, if he was put there without instructions, it would be a dangerous place to go, because

Arguments.

in the absence of that he cannot be held negligent in doing that he had no warning against, either in words or in appearances, as to danger.] [2]

Then I say, first, if the accident occurred by his climbing upon the grinder to put back the belt, as claimed by the defendant, the plaintiff cannot recover, because he was guilty of contributory negligence; second, if it did not occur in that way, but, as the plaintiff claims, by being drawn upon the grinder, then, if he was in a place where it was apparent from the arrangement of the machine and the bench he should not have placed himself, because dangerous, and the jury believe from the evidence, that if he had not been in such place the accident would not have occurred, he cannot recover; because in such case the law estops him from recovering on the ground of contributory negligence. . . . .

The jury returned a verdict in favor of the plaintiff for $3,500. A rule for a new trial having been discharged and judgment entered, the defendant took this appeal, assigning for error:

1. The answer to the plaintiff's point.[1]

2. The portion of the charge embraced in [   ] [2] as qualifying the affirmance of defendant's tenth point.

*Mr. John S. Ferguson* (with him *Mr. Thos. J. Ford*), for the appellant.

Counsel cited: Maguire v. Railroad Co., 146 Mass. 379; Franklin v. Railroad Co., 37 Minn. 409 (5 Am. St. Rep. 856); Grand Trunk Ry. Co. v. Cummings, 106 U. S. 700; Phila. Iron & S. Co. v. Davis, 111 Pa. 597.

*Mr. Wm. M. Watson* (with him *Mr. Geo. P. Graver*), for the appellee.

Counsel cited: Wheeler v. Manuf. Co., 135 Mass. 297–8; Lewis v. Seifert, 116 Pa. 647; Patterson v. Railroad Co., 76 Pa. 389; Shear. & Redf. on Neg., § 187; McMahon v. Henning, 1 McCrary 516; Fifield v. Railroad Co., 42 N. H. 225; Hough v. Railway Co., 100 U. S. 213; Cayzer v. Taylor, 10 Gray 274; Paulmien v. Railroad Co., 5 Vroom 151.

PER CURIAM:

The first assignment of error was practically abandoned upon the argument, and we fail to find error in the answer of the learned judge to the defendant's tenth point. It is true, the affirmance was qualified, but we think the qualification justified by the circumstances of the case. It does not need discussion.

Judgment affirmed.

