## O'Rourke *v.* Alphons Custodis Chimney Construction Company, Appellant.

*Negligence—Master and workman—Defective appliance—Promulgation of rules for safety of employees.*

Where coemployees are distant from each other and it is dangerous for one to have another continue at his work, he who is subject to the peril not being in a position to ascertain the true conditions, it is the duty of the employer to frame and promulgate such rules and regulations as will afford reasonable safety to employees.

In an action by an employee against his employer to recover damages for personal injuries sustained while the plaintiff was working at the bottom of a tall chimney stack in course of construction, while other employees were working at the top, the case is for the jury where the evidence tends to show that the defendant had adopted a device which required the plaintiff to put himself in a position involving danger, that an upper platform which ought to have protected him while in that position was defective, and that because of this defect he was injured, and that the defendant had failed to adopt any rules for the conduct of its employees at the top of the stack for the protection of those at the bottom against a danger reasonably to be apprehended.

Argued May 5, 1902. Appeal, No. 149, April T., 1902, by defendant, from judgment of C. P. No. 1, Allegheny Co., June T., 1901, No. 639, on verdict for plaintiff in case of Martin O'Rourke v. Alphons Custodis Chimney Construction Company. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.    Affirmed.

Trespass to recover damages for personal injuries. Before COLLIER, J.

The opinion of the Superior Court states the facts in the case.

Verdict and judgment for plaintiff for $900. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*William M. Hall, Jr.,* for appellant.

*James H. Gray,* for appellee.

OPINION BY W. D. PORTER, J., July 10, 1902:

The only ruling of the court below assigned for error is the refusal to give a binding instruction in favor of the defendant. The defendant company was engaged in building a large round brick chimney, at the Union Station, in the city of Pittsburg. The structure had an inside diameter of fourteen feet at the base which gradually lessened toward the top and at the height of 150 feet from the ground, which had been reached at the time of the occurrence out of which this action arose, was twelve feet. The materials used in the construction were hoisted to the top inside of the structure by means of a line passing through pulleys and attached to a large bucket, the power being furnished by an engine. The means adopted to protect the workmen at the bottom of the stack, whose duty it was to fill the buckets with the building materials and then make fast to it the hoisting rope, from injury by objects falling from the top of the stack, consisted of two platforms filling the entire inside diameter, excepting a hole in the center about two feet square through which the hoisting bucket passed; one about eight feet from the base, just above the heads of the men, and the other near the top of the stack, on which latter the bricklayers and their helpers worked. One of the pulleys over which the hoisting line ran was fastened at the edge of the hole in the lower platform and, at the time the plaintiff was injured, a sheave, or open pulley wheel, without any device to keep the line from jumping off, was there used. When the buckets were lowered to the bottom the line would sometimes come off this sheave, and it was necessary that it should be replaced before another bucket could be hoisted. It was necessary, in order to accomplish this, that one of the workmen should stand directly under the opening through which the buckets passed and, turning his face upward so that he could see what he was doing, put the line in place. While in this position the man might be struck by any object falling from the top of the chimney, but the workmen were not exposed to that peril in the discharge of any other part of their duty. The line having come off the sheave the plaintiff was directed by the engineer to replace it. He called to the men working at the top of the stack warning them what he was about to do, and one of the bricklayers' helpers replied, "All right; go ahead." Plaintiff then stepped under

the opening in the platform and was adjusting the rope when a lot of fresh wet mortar, about a trowelful in quantity, struck him in the eye, the sight of which he lost as a consequence.

The man at the bottom of the stack could not know whether the bricklayers at the top had actually ceased work in response to his signal or not, nor could he see whether the upper platform was so constructed as to meet the inside of the chimney and thus prevent the falling of any of the material, in case the bricklayers had failed to suspend operations. What the plaintiff did was directly in the line of his employment. We cannot say, in view of the warning that he gave and the fact that the duty had been discharged in the same manner during a considerable period, that he was as a matter of law guilty of contributory negligence in placing himself in the position in which he was injured: Bennett v. Standard Plate Glass Company, 158 Pa. 120.

The learned counsel for the appellant has argued that there was not sufficient evidence to show how the plaintiff was injured, or where the mortar came from. There was, however, evidence that the mortar was wet, and that there was about a trowelful of it. It is hardly possible that mortar of such a character and in such a quantity could have fallen out of the finished wall below the upper platform. One witness testified positively that it did not go through the opening in the center of the upper platform; that there were three bricklayers who were actually working at the time the plaintiff was injured, that the upper platform at that time was within a course or two of the tiles used in construction, of the top of the work; that there was an open space of one and one half inches around between the chimney and the edge of the platform, and that he had on former occasions seen mortar go down through such an opening and striking on the step or ladder lower down glance out and go through the opening in the lower platform, but without catching anybody. There can be no doubt that the mortar fell from above. Whether it went through the opening between the platform and the brick work of the chimney was, under the evidence, a question for the jury.

There was evidence which would have justified a finding that the sheave used at the lower platform in connection with the hoisting line was a defective device. During the earlier part

of the work a block pulley had been used, which held the
hoisting line in place and avoided the necessity of a man ex-
posing himself to danger by going under the opening in the
platform.    Those in charge of the work for the defendant had
removed the block pulley and substituted the open sheave,
without any device to keep the line in place.    This change
entailed upon the men the duty of keeping the line in place;
had the danger involved been immediate and apparent, they
would have been assumed to have voluntarily taken the risk,
but they had a right to assume that the defendant would keep
the appliances used for their protection in proper condition,
unless they knew or ought to have known that they had become
defective.    The upper platform was defective, but those em-
ployed below knew nothing of its condition for they were never
near that part of the work.    The men at the top of the chimney
could do their work in the usual manner without involving
any risk to those below so long as no man was standing directly
under the opening.    This was a case where a workman in the
discharge of his duty was liable to be injured by a coemployee
who was exercising ordinary care in the discharge of his duty,
one not knowing what the other was doing.    In a business of
this character, where coemployees are distant from each other
and it is dangerous for one to have another continue at his
work, he who is subject to the peril not being in a position to
ascertain the true conditions, it is the duty of the employer to
frame and promulgate such rules and regulations as will afford
reasonable safety to the employees.    Had the defendant adopted
a rule that the workmen at the top of the chimney should ab-
solutely suspend operations so long as a man was standing
directly under the opening in the lower platform, or had it
provided an upper platform which fitted close to the wall, the
plaintiff would not, if the testimony is to be believed, have
been injured.    Had such a rule for the conduct of the work-
men at the top been promulgated and some bricklayer had
violated it, the defendant would not be liable for the conse-
quence of the infraction, unless it had been persisted in with
the knowledge of some one having authority to represent the
company : Lewis v. Seifert, 116 Pa. 628 ; Trainor v. Phila. &
Reading R. R. Co., 137 Pa. 148.    There was direct evidence
that the defendant had absolutely failed to give any instructions

whatever to the men who were working at the top of the chimney. Those who were working below always gave the signal and waited for a reply before they passed under the opening, but the evidence indicates that the bricklayers were in the habit of continuing their work, of which fact the men below were ignorant. The evidence that the defendant had adopted a device which required the plaintiff to put himself in a position involving danger; that the upper platform which ought to have protected him while in that position was defective, and that because of said defect he was injured; and that the defendant had failed to adopt any rules for the conduct of its employees at the top of the stack for the protection of those at the bottom against a danger reasonably to be apprehended, was of such a character as to require the submission of this case to the jury : Bier v. Standard Manufacturing Company, 130 Pa. 446 ; Kaiser v. Flaccus, 138 Pa. 332; Mensch v. Pennsylvania Railroad Company, 150 Pa. 598 ; Vanesse v. Catsburg Coal Company, 159 Pa. 403. The judgment is, therefore, affirmed.

ORLADY, J., dissents.