# Weller *v.* Aberfoyle Manufacturing Company, Appellant.

*Negligence—Master and servant—Machinery—Duty of inspection.*

An employer's duty to his servant requires him to be as alert in inspecting his machinery and repairing defects as he is in making a proper selection of new machinery, and this duty is a direct and continuing one from which nothing but performance will relieve him.

A woman injured while working under a machine may recover damages from her employer where it appears that the accident was due to a neglect of proper supervision which permitted a pin to work out of its place in the machine, and exposed the employee to a danger which she could not have noticed, and made her working place an unsafe one.

Argued Nov. 22, 1904. Appeal, No. 41, Oct. T., 1904, by defendant, from judgment of C. P. Del. Co., March T., 1902. No. 44, on verdict for plaintiff in case of Fredericka Weller v. Aberfoyle Manufacturing Company. Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before JOHNSON, J.

From the record it appeared that plaintiff was injured on December 28, 1900, while working as a cloth inspector under a scutching machine suspended from the ceiling. The accident was due to the fact that a screw pin which was an important part of the machine had worked out of its place. The absence of the pin caused a roller which a boy was operating to fall from the boy's hands and strike the plaintiff.

The court refused binding instructions for defendant.

Verdict and judgment for plaintiff for $778.22. Defendant appealed.

*Error assigned* among others was in refusing binding instructions for defendant.

*Morton Z. Paul*, for appellant.—Whatever is according to the general and ordinary course adopted by those in the same

business, is reasonably safe within the meaning of the law; this is the standard of duty between master and servant: Kehler v. Schwenk, 144 Pa. 348; Reese v. Hershey, 163 Pa. 253; Kinney v. Corbin, 132 Pa. 341.

*Joseph H. Hinkson,* for appellee, cited: Mullan v. Steamship Co., 78 Pa. 25; Penna. & New York Canal & Railroad Co. v. Mason, 109 Pa. 296; Rummell v. Dilworth, Porter & Co., 111 Pa. 343; Lewis, et al. v. Seifert, 116 Pa. 628; Phila. & Reading Railroad Co. v. Huber, 128 Pa. 63; Rummel v. Dilworth, Porter & Co., 131 Pa. 509; Trainor v. Phila. & Reading Railroad Co., 137 Pa. 148; Ross v. Walker, 139 Pa. 42; Devlin v. Phœnix Iron Co., 182 Pa. 109.

OPINION BY ORLADY, J., March 31, 1905:

The verdict in this case establishes the fact that the plaintiff's injuries resulted from the want of a proper inspection, and keeping in safe condition, a machine in the defendant's mill. She was working at the exact place to which she had been assigned, and was doing her work in a proper manner. It is apparent that the accident could not have occurred had the defendant used the methods designed by the maker of the machine for keeping the roller in place. The construction of the " U " shaped clutch indicated that the screw pin was an important part of the completed machine, and a neglect of proper supervision which permitted the pin to work out of its place exposed the employee to a danger of which she could not have notice and made her working place an unsafe one. Finnerty v. Burnham, 205 Pa. 305; Butterman v. Construction Co., 206 Pa. 82; Lillie v. Car & Foundry Co., 209 Pa. 161; De Grazia v. Picardo, 15 Pa. Superior Ct. 107; O'Rourke v. Chimney Construction Co., 21 Pa. Superior Ct. 52, fix the measure of the employer's duty in requiring him to be as alert in inspecting his machinery and repairing defects as he is in making a proper selection of new machinery, and that this duty is a direct and continuing one from which nothing but performance will relieve him.

The points submitted by the defendant which were refused by the court combined disputed facts with legal propositions and were properly modified by the court. Under all the evi-

dence the case was one for the jury and it was submitted in a fair and adequate charge to which the defendant did not except.

The judgment is affirmed.