# Powell *v.* American Sheet & Tin Plate Company, Appellant.

*Negligence—Master and servant—Safe place—Safe tools—Erroneous charge.*
It is not an accurate definition of the duty of a master to his servant to say that he must furnish "a safe place to work and safe tools with which to work." Employers are only required to furnish a reasonably safe place in which, and reasonably safe tools, with which to work.

It is reversible error for the court to charge: "If there is any neglect upon the part of the employer in furnishing a safe place to work or in furnishing safe tools with which his employees are required to work, then the employer is liable."

Argued Oct. 31, 1906. Appeal, No. 52, Oct. T., 1906, by defendant, from judgment of C. P. No. 3, Allegheny Co., Nov. Term, 1904, No. 11, on verdict for plaintiff in case of George A. Powell v. American Sheet & Tin Plate Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Reversed.

Trespass to recover damages for personal injuries. Before EVANS, J.

The circumstances relating to the accident are stated in the opinion of the Supreme Court.

The court charged in part as follows:

It is the duty of an employer to give to his employees a safe place to work and safe tools with which to work, and if there is any neglect upon the part of the employer in furnishing a safe place to work or in furnishing safe tools with which his employees are required to work, then the employer is liable, unless there is some negligence upon the part of the employee which contributes to the accident. [3]

Verdict and judgment for plaintiff for $9,979. Defendant appealed.

*Error assigned* amongst others was (3) above instruction, quoting it.

*David A. Reed,* of *Reed, Smith, Shaw & Beal,* for appellant.—The instruction of the court relating to safe place and safe tools was erroneous: Ardesco Oil Co. v. Gilson, 63 Pa. 146; P., W. & B. R. R. Co. v. Keenan, 103 Pa. 124;. Wannamaker v. Burke, 111 Pa. 423; Titus v. Railroad Company, 136 Pa. 618; Service v. Shoneman, 196 Pa. 63.

*William A. Challener,* with him *Edmond Englert,* for appellee.

OPINION BY MR. JUSTICE ELKIN, January 7, 1907:

It is not an accurate definition of the duty of a master to his servant to say that he must furnish " a safe place to work and safe tools with which to work." Employers are only re-

quired to furnish a reasonably safe place in which and reasonably safe tools with which to work. The distinction is based on substantial grounds. When a jury is instructed, without explanation or qualification, that it is the duty of an employer to furnish a safe place to work, their first inquiry very naturally would be, how safe? Must the place be absolutely safe, free from any danger, or only reasonably safe, subject to such risks and dangers, as are necessarily incident to the employment? When we say it is the absolute duty of an employer to furnish a safe place, a jury might very properly conclude that the master was under the law as thus defined, an insurer of the safety of his servants. Such is not the law: Ardesco Oil Co. v. Gilson, 63 Pa., 146; P., W. & B. R. R. Co. v. Keenan, 103 Pa. 124; Wannamaker v. Burke, 111 Pa. 423; Titus v. Railroad Co., 136 Pa. 618; Service v. Shoneman, 196 Pa. 63. We have had occasion to review this question at some length in the recent case of Welch v. Carlucci Stone Co., 215 Pa. 34, in which the rule of reasonable safety as to place and tools was discussed and adhered to. It was there stated that the word "safe" as used in this connection must be understood to mean reasonably safe according to the usages, risks and dangers of the employment. There is error in that part of the charge of the learned trial judge wherein it is said, "If there is any neglect upon the part of the employer in furnishing a safe place to work or in furnishing safe tools with which his employees are required to work, then the employer is liable." This definition states the rule too broadly and places upon the employer a higher standard of care than the law requires. It is not "any neglect" on the part of the employer in furnishing a safe place to work or safe tools with which to work that makes him liable in damages in case of an accident. To hold that any neglect in furnishing either a safe place or safe tools would make an employer liable in damages is the equivalent of saying that he must provide them a place and tools absolutely safe. This is not the rule. The importance of holding the rule strictly is apparent under the facts of the case at bar. The entire negligence complained of is that the set screw which held the collar to the shaft was loose and projected a little more than it should have done when properly fastened. The mere fact that the set screw may have

projected three-fourths of an inch, or an inch, further than it should have extended, when in its proper place, will not of itself convict the defendant of negligence to such a degree as to make it liable in damages. If, in the first instance, the machinery had been so constructed that the set screw had projected an inch and a half as testified by some of the witnesses for plaintiff, it would scarcely be contended that there could be a recovery in this case. In such event the appellee, being familiar with the condition of the set screw, would be bound to know the danger of coming in contact with a revolving shaft having such a projection, and if with this knowledge, he did come in contact with it and was injured thereby, appellant would not be liable in damages, because the accident would be the result of a risk incident to his employment which appellee voluntarily undertook. So, too, if the set screw had become loose as contended, and did project more than it should have done when properly fastened, and this fact was known to the appellee at the time he undertook to clean the machinery, he could not recover, because he acted with his eyes open, having full knowledge of existing conditions, and would be held to assume the risks incident thereto. There is only one theory upon which there can be a recovery in this action, which is that the machinery was not reasonably safe on account of the set screw having become loose and projecting to an unusual and dangerous distance, and that this fact was not known to the plaintiff at the time he undertook to clean the machinery. It addition to this, it must appear from the facts established or from inferences to be drawn therefrom, that the direct or proximate cause of the injury was the negligent projection of the set screw beyond the point where it was ordinarily fastened. In this connection it should be observed that even if the jury should determine that the negligent projection of the set screw was the direct or proximate cause of the accident, yet if plaintiff knew of the condition of the set screw at the time, or should have known it by the exercise of reasonable care, there could be no recovery, for clearly under such circumstances he would be held to have assumed whatever risk there was in placing his arm near the revolving shaft in cleaning the machinery.

Enough has been said to indicate within what narrow

limits the right of the plaintiff to recover is confined and by what a slender thread it hangs.   While we do not agree with the learned counsel for appellant that it should be decided by the court as a matter of law, yet it is clearly a case in which it is the duty of the court to give the jury definite and exact statements of the law as applicable to the facts in order that intelligent consideration may be given and correct conclusion reached.   The assignments of error which relate to the inadequacy of the general charge are not sustained.   As a whole the charge was a fair and intelligent presentation of the questions involved to the jury and the only error is what has already been pointed out.

Judgment reversed and a venire facias de novo awarded.