## Morrison *v.* South Penn Oil Company, Appellant.

*Negligence—Master and servant—Inadequate tools—Case for jury.*

In an action to recover damages for personal injuries resulting from the breaking of a gin-pole with which plaintiff and others were engaged in taking down an iron derrick, the case was for the jury, where there was evidence that the plaintiff was in defendant's employ, and was working under the superintendence of defendant's foreman, that the gin-pole was inadequate and the method of taking down the derrick adopted by the foreman unusual, and more dangerous than the ordinary method, and that the foreman took no proper means to ascertain the adequacy of the gin-pole for the service required of it.

Argued Oct. 7, 1914.  Appeal, No. 228, Oct. T., 1914, by defendant, for judgment of C. P. Butler Co., March T., 1914, No. 25, on verdict for plaintiff in case of S. C. Morrison v. South Penn Oil Company.  Before BROWN, MESTREZAT, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before REIBER, J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $1,750, and judgment thereon. Defendant appealed.

*Errors assigned,* among others, were in refusing to direct a verdict for defendant, and in refusing to enter judgment for defendant, n. o. v.

*W. D. Brandon,* with him *J. Campbell Brandon* and *John H. Wilson,* for appellant.

*John R. Henninger,* for appellee.

OPINION BY MR. JUSTICE MOSCHZISKER, January 2, 1915:

On April 17, 1913, C. S. Morrison, the plaintiff, was engaged with several other men in taking down an iron derrick owned by the defendant; the top part was successfully removed, but while the next section was being lowered by means of a gin-pole and tackle, the pole collapsed and Morrison was severely injured. The plaintiff recovered a verdict on which judgment was entered, and the defendant has appealed.

At argument, the appellant withdrew all its assignments of error except those which went to the sufficiency of the evidence to sustain the verdict. The appellant contends that no contract of employment was proved, no negligence on the part of the defendant was shown, and that the plaintiff was plainly guilty of contributory negligence.

A combination of circumstances akin to those in the present case, is not likely to arise again; hence it would serve no useful purpose to review the testimony in detail. It is enough to say that, while the case is a close one, yet there was evidence sufficient to sustain a finding that the plaintiff was in the defendant's employ and the relation of master and servant existed between them; that the particular work which gave rise to the injury was performed under the superintendence and direction of one of the defendant's foremen; that he selected and furnished the gin-pole; that this pole was not such an appliance as is ordinarily used for the purpose to which it was put, and was not sufficiently strong for that purpose; that the method employed in taking down the derrick by the use of a gin-pole was unusual and more dangerous in itself than the ordinary method of a temporary scaffold; that, although the foreman and the other members of the crew who were performing this work were experienced in taking down wood derricks, yet, none of them had had experience with iron derricks, particularly of the character of the one in question;

that, although inexperienced himself, and although he knew that the other members of the crew had had no experience with these iron derricks, the foreman took no proper means of gaining knowledge as to the sufficiency of the gin-pole to perform the service required of it; finally, on the proofs presented, it could not be said as a matter of law that the plaintiff was guilty of contributory negligence.

In an opinion refusing judgment non obstante veredicto, the court below states: "While the foreman of the defendant company was engaged with the other men in taking down the derrick, performing the same kind of manual labor as the other men so engaged, and generally assisting in said work, and whilst so employed Mr. Fleeger (the foreman) may under the evidence have been a fellow workman, yet, under the arrangement of employment of plaintiff, it was the duty of the defendant company to furnish a portion of the material, among other things, a gin-pole for such work. Mr. Fleeger furnished the gin-pole and in doing so he represented the defendant company as a vice principal. It therefore became a material inquiry to determine whether the company furnished a reasonably safe and sufficient gin-pole, and if the insufficiency of the gin-pole was the proximate cause of the injury. Under the testimony we could not say to the jury as a matter of fact that the gin-pole furnished by the defendant company was a reasonably safe appliance to do the work for which it was furnished. These were questions of fact, and we are of opinion it was within the province of the jury to decide them."

Under the circumstances, we feel that the court below did not err in declining to withdraw the case from the jury, or in subsequently refusing to enter judgment for the defendant notwithstanding the verdict. True, it does appear that prior to beginning the work, Mr. Fleeger "mentioned something about using three-inch pipe" for the gin-pole, and that at least one member of the crew at that time expressed the view that such pipe

would be "heavy to handle in the derrick"; but, when the foreman furnished the material, he supplied a two-inch pipe for the purpose; and, on the plaintiff's side, there was no testimony sufficient to prove that Morrison took any part in the selection of the pipe, or that he gave advice upon the subject. If the defendant's foreman, knowing that those whom he consulted had no experience with iron derricks of the character of the one he had to take down, nevertheless saw fit to accept the judgment and be guided by the opinion of a man with no more knowledge upon the subject than he had himself, then the defendant must bear the consequences of his negligence (Philadelphia, Wilmington & B. R. R. Co. v. Keenan, 103 Pa. 124, 126), especially where, as in the present case, there is evidence aside from the happening of the accident to prove the inadequacy of the gin-pole and that it was not such an appliance as was ordinarily used for the purpose to which it was put. "The duty is on the employer to furnish his employees reasonably safe appliances with which to do the work assigned them; it is also his duty to know what appliances are suitable and in common and ordinary use for the purpose" (Bannon v. Lutz, 158 Pa. 166, 174; also see, Finnerty v. Burnham, 205 Pa. 305, 307-8). There is testimony here to the effect that the erection of a temporary scaffold was the ordinary and usual manner of taking down derricks, that the defendant's foreman forbid the use of such an appliance, and that the gin-pole furnished by him was not a usual or reasonably safe implement to use in dismanteling an iron derrick (see Wallace v. Henderson, 211 Pa. 142, 145). In conclusion, it remains but to say, on the evidence at bar, we are not impressed by the suggestion that, since the gin-pole did not break when the first section of the derrick was lowered, presumably it was adequate to the work in hand, if properly managed (see McGeehan v. Hughes, 217 Pa. 121, 125).

The assignments of error—not withdrawn—are overruled, and the judgment is affirmed.